UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON,

        Plaintiff,        Case No. 2:14-cv-1

v.        Honorable R. Allan Edgar

UNKNOWN BAKER,

        Defendants.
_____/

**OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Masker and Unknown Mailroom Employees. The Court will serve the complaint against Defendant Baker.

**Discussion**

I.      Factual allegations

Plaintiff Deontae Gordon, a state prisoner currently confined at the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Baker, General Office Assistant R. Masker, and Unknown Mailroom Employees. In Plaintiff's complaint, he alleges that on June 28, 2012, he was called to the control center to receive his legal mail. Plaintiff was met by Defendant Baker, who opened his legal mail and told Plaintiff that he could not have the envelope. Defendant Baker photocopied the envelope for Plaintiff, but the copy was not legible. Plaintiff requested a legible copy, which appeared to anger Defendant Baker. Defendant Baker told Plaintiff that he was "pressing his luck." Defendant Baker then confiscated a document from Plaintiff's mail as contraband, but refused to provide Plaintiff with a Contraband Removal Record or Notice of Intent to conduct an administrative hearing.

Plaintiff never received his confiscated legal mail. Plaintiff claims that Defendant Baker disposed of his legal mail and refused to record the confiscation in the legal mail log. Plaintiff filed a grievance, in which Defendant Baker responded that she had given the confiscated legal mail to Defendant Masker and Unknown Mailroom Employees.

On July 17, 2012, Defendant Baker again confiscated the envelope which had arrived with Plaintiff's legal mail and threw it into the trash. Plaintiff informed Defendant Baker that she needed to document the confiscation on the legal mail log. Defendant Baker responded by stating, "You're the one who just wrote those bullsh**t grievances aren't you? Matter of fact your [sic] not getting anything." *See* docket #1, p. 10 of 17. Defendant Baker then refused to give Plaintiff any

of his legal mail and ordered him to leave. Plaintiff filed a grievance, which was denied at each level.

On August 10, 2012, Plaintiff received two packages of legal mail. The first package contained mail in a plastic binder. Defendant Baker declared that the binder was contraband, dissembled it from the documents, and threw it in the trash. Plaintiff told Defendant Baker to take the binder out of the trash and return it to the mailroom for rejection processing pursuant to MDOC Operating Procedure 05.03.113. Defendant Baker stated that she was not logging it in and told Plaintiff to sign the legal mail log before she threw the entire package away, the way she had with the last package. Defendant Baker also confiscated the envelope that the mail had arrived in and failed to record it in the log. Plaintiff filed a grievance, which was subsequently denied.

Plaintiff claims that Defendants violated his First and Fourteenth Amendment rights, as well as his rights under state law. Plaintiff seeks compensatory and punitive damages.

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v.*

*Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986); *see also Jones v. Scroggy*, Nos. 87-5753, 87-5754, 1988 WL 12111, at *1 (6th Cir. Feb. 17, 1988) (affirming dismissal of Plaintiff's claim that prison officials failed to recover a radio and head phones stolen from him by another inmate because state provided adequate post-deprivation remedies). Numerous state post-deprivation remedies are available to Michigan prisoners. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). Therefore, Plaintiff's due process claims are properly dismissed.

However, the unauthorized confiscation and disposal of legal mail states a claim under the First Amendment. With regard to mail from an inmate's attorney, prison officials have a right to open and inspect such mail for contraband. However, they may not read the mail and must allow the prisoner to be present, upon request, if the envelope is marked as confidential. *Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993); *see also Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) (court abandoned the *per se* rule that the Constitution requires that the opening and inspection of legal mail be in the presence of the inmate). Therefore, it follows that the unauthorized taking of such mail also violates the First Amendment. Accordingly, Plaintiff's First Amendment claim against Defendant Baker for the confiscation of his legal mail may not be dismissed upon initial review. In addition, the facts alleged in Plaintiff's complaint set forth a retaliation claim against Defendant Baker which appears to be nonfrivolous.

Finally, the court notes that 42 U.S.C. § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id.* Dismissal, however, remains

"purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Masker and Unknown Mailroom Employees will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Baker with regard to Plaintiff's First Amendment claims.

An Order consistent with this Opinion will be entered.

Dated:  9/3/2014                               */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE