UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON #308075

        Plaintiff,         Case No. 2:14-cv-1

v.         HON. R. ALLAN EDGAR

BRITTANY BENDER,

        Defendant.
_____/

## MEMORANDUM OPINION

I

This case came before the Court for a bench trial on December 9, 2015. This memorandum is the Court's findings of fact and conclusions of law. Plaintiff Deontae Gordon is an inmate in the Michigan Department of Corrections. As best the Court can determine, he has two claims. They are:

> (1) On June 28, 2012, and July 17, 2012, the defendant, Brittany Bender[1], denied him legal mail in violation of his First Amendment right to receive legal mail; and
>
> (2) On the above occasions, defendant retaliated against plaintiff for filing grievances by withholding legal mail from him in violation of his rights under the First Amendment.

II

The primary disputed issue here is whether or not defendant ever withheld legal mail from him. There is no evidence that on June 28, 2012 Bender withheld anything from plaintiff. The most likely explanation for what happened is that sometime earlier in June, plaintiff was erroneously sent a check payable to a state court (not to plaintiff) as

---

[1] Since the events giving rise to this case, defendant married, thus changing her last name from Baker to Bender.

the filing fee for a motion filed in state court by the state attorney general's office. This motion was in a case that plaintiff had filed in state court. This check would have been accompanied by a copy of the motion and a brief generated in the state attorney general's office. We know that the check was not received by the plaintiff because the MDOC later mailed it to the state court. We know that plaintiff did receive the motion and brief, because he responded to it in the state case - which response was received by the state attorney general's office on June 25, 2012. The check, if it was indeed withheld from plaintiff, was not legal mail to which plaintiff was entitled. Moreover, plaintiff suffered no adverse legal consequences as a result of anything that was withheld from him either on June 28, 2012 or on some earlier date.

With respect to the alleged July 17, 2012, legal mail withholding, all we have is a mail log dated that date showing that plaintiff received legal mail from "Chapman Atty" on that date, but did not sign for it. This is because he refused to sign for it. He did, however, receive the mail. Moreover, if he did not receive it, there is no evidence that he suffered any damages or prejudice as a consequence of not receiving it.

The Court, therefore concludes that plaintiff has not demonstrated by a preponderance of the evidence that he was denied any legal mail, nor has he proven any damages. His First Amendment failure to receive legal mail claim is without merit.

III

The elements of a retaliation claim which plaintiff is required to establish are: (1) that plaintiff was engaged in protected conduct; (2) that defendant engaged in an adverse act capable of deterring a person of ordinary firmness from pursuing the protected conduct; and (3) that there was a causal connection between the first two

2

elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Plaintiff claims that defendant withheld legal mail because plaintiff filed grievances.  Plaintiff did file grievances, but as set forth above, plaintiff has not demonstrated that defendant withheld legal mail from him.  Therefore, plaintiff has not met the second and third elements of his retaliation claim, nor has he proven any damages.  Therefore, this claim must also be rejected.

    For all of the above reasons, plaintiff has not met his burden of proving his case by a preponderance of the evidence.  Therefore, judgment will be entered on behalf of the defendant.

    IT IS ORDERED


Dated:  12/10/2015                    */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE